IRENE KARBELASHVILI, Esq. (SBN 232223)
IRAKLI KARBELASHVILI, Esq. (SBN 302971)
ALLACCESS LAW GROUP
1400 Coleman Ave Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142
irene@allaccesslawgroup.com
irakli@allaccesslawgroup.com

Attorneys for Plaintiff DEBRA VOLLE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA VOLLE, | **Case No.** 24-cv-246 |
| Plaintiff, | *Civil Rights* |
| vs. | **COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES** |
| SQ TRAVEL LIMITED LIABILITY COMPANY, aka SQ TRAVEL LLC, A CALIFORNIA LIMITED LIABILITY COMPANY, | |
| | **DEMAND FOR JURY TRIAL** |
| Defendant | |

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

1

DEBRA VOLLE ("Plaintiff") complains of defendant SQ TRAVEL LIMITED LIABILITY COMPANY, aka SQ TRAVEL LLC, A CALIFORNIA LIMITED LIABILITY COMPANY ("Defendant") as follows:

**INTRODUCTION**

1. This is a civil rights action involving the lack of disabled access to the building, structure, facility, complex, property, land, development, and/or business located at or about 5138 Monterey Hwy San Jose, CA 95111 (the "Shopping Center" or the "Mall"). During her visits to the Shopping Center, Plaintiff repeatedly encountered accessibility barriers because the Mall's paths of travel are inaccessible to persons that use mobility aids to ambulate.

2. Defendant's lack of accessible facilities denied and continue to deny "full and equal" access required by Title III of the Americans with Disabilities Act of 1990 and supplementary California civil rights laws. As a result, Plaintiff has been continuously denied full and equal access to the Shopping Center and has been embarrassed and humiliated. Plaintiff seeks damages and injunctive relief requiring provision of access under the Americans with Disabilities Act of 1990 ("ADA") and injunctive relief for full and equal access and statutory damages under California law. Plaintiff also seeks declaratory relief and recovery of reasonable statutory attorney fees, litigation expenses and costs under federal and state law.

**JURISDICTION AND VENUE**

3. This Court has subject-matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 for violations of the ADA, 42 U.S.C. §§ 12101 *et seq*. Under supplemental jurisdiction, attendant and related causes of action, arising from the same facts, are also brought under California law, including, but not limited to, violations of Health and Safety Code and the Unruh Civil Rights Act.

4. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is in this District and that Plaintiff's causes of action arose in this District.

5. **Intradistrict Assignment:** This case should be assigned to the San Jose intradistrict as

the real property which is the subject of this action is in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

## PARTIES

6. Plaintiff is a person with physical disabilities, as defined by all applicable California and United States laws. Plaintiff has been physically disabled for over a decade after undergoing multiple back surgeries that severed a nerve. As a result, she is substantially limited in her ability to walk and depends on a scooter, a walker, and a cane for mobility. Plaintiff possesses a disabled parking placard and is a resident of San Jose, California, around two blocks from the Shopping Center.

7. Defendant is and at all relevant times was the owner, operator, lessor and/or lessee of the subject business, property, and buildings at all times relevant to this Complaint.

8. Defendant failed to ensure that the accommodations, goods, services, and opportunities were accessible to Plaintiff and other members of the public who have physical disabilities. Defendant's failure to comply with Federal and State access laws proximately caused the violations and ongoing violations and damages to Plaintiff complained of here.

## FACTUAL ALLEGATIONS

9. Defendant has discriminated against Plaintiff because the Shopping Center' facilities and policies do not comply with the requirements of the ADA, the Unruh Act, the California Health and Safety Code, and the Disabled Persons Act. Defendant has failed and refused to provide full and equal access to the services, privileges, benefits, and advantages that they provide to persons without disabilities at the Shopping Center.

10. The Shopping Center and its facilities, including, but not limited to, its entrances/exits, parking, exterior and interior paths of travel are each a "public accommodation" and part of a "business establishment," subject to the requirements of § 301(7) of the ADA (42 U.S.C. § 12181(7) and of California Civil Code §§ 51 *et seq.*

11. On information and belief, the Shopping Center and its facilities have, since January 26, 1993, undergone construction, alterations, structural repairs, and/or additions, subjecting the

facility to disabled access requirements of § 303 of the ADA (42 U.S.C. § 12183). Such facilities constructed or altered since 1982 are also subject to "Title 24," the California State Architect's Regulations. Irrespective of the Shopping Center' construction and alteration history, removal of the access barriers at the subject premises are subject to the "readily achievable" barrier removal requirements of Title III of the ADA.

12. Plaintiff regularly shops at the 6 to Late Liquor Store located at the Shopping Center. She shops there as often as twice a week. including on June 30, 2022; July 27, 2023; September 29, 2023; October 2, 2023; October 3, 2023; October 10, 2023; October 16, 2023; October 20, 2023; November 1, 2023; November 2, 2023; November 6, 2023; November 15, 2023; December 1, 2023; December 3, 2023; December 4, 2023; December 5, 2023; December 6, 2023; December 28, 2023; January 2, 2024; and January 5, 2024.[1] Because of its close proximity, Plaintiff seldom drives to the Shopping Center and instead uses her mobility scooter to reach it. The Shopping Center does not have any accessible paths of travel from the public sidewalk. Instead, the only path of travel to enter the Shopping Center from the public sidewalk is via steps which Plaintiff's scooter cannot overcome. Therefore, to reach any of the businesses at the Shopping Center when accessing it from the public right-of-way, Plaintiff must go into the vehicular way with her scooter. This is extremely dangerous for Plaintiff because a person in a wheelchair or in a scooter crossing a vehicular way behind a parked car is in a blind spot of the driver if the car starts backing up. Once Plaintiff makes it through the vehicular way, the only means of reaching the designated path of travel that leads to 6 to Late is by using a ramp that encroaches into the access aisle.

13. Plaintiff intends to continue to visit the Shopping Center regularly and she will continue to be denied full and equal access to the Shopping Center so long as it remains inaccessible to her.

14. Before suing, Plaintiff's accessibility expert did an informal investigation of the

---

[1] The list is not exhaustive and includes only those visits that are documented.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

4

15. Shopping Center. He confirmed the barriers encountered by Plaintiff and also determined that Shopping Center was inaccessible in multiple other ways, including, but not limited to, the barriers below, all of which are related to Plaintiffs' disabilities: (1) Right ADA parking is less than 18' deep; (2) Parking has slopes over 2%; and (3) Sidewalk has cross slopes more than 2 %.

16. These barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant, per the 9th Circuit's standing standards under *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008), *Chapman v. Pier One Imports (USA), Inc.,* 631 F.3d 939 (9th Cir. 2011).

17. Plaintiff alleges that it would be a futile gesture to provide notices of violations relating to her continued or attempted visits, which are certain to occur regularly following the filing of this Complaint. Therefore, Plaintiff will seek to supplement this Complaint at the time of trial as to subsequent events, according to proof.

18. Defendant knew, or should have known, that these elements and policies rendered Shopping Center inaccessible, violate state and federal law, and interfere with or deny access to individuals with similar mobility disabilities. Upon information and belief, Defendant has the financial resources to remove these barriers and make the Shopping Center accessible to the physically disabled. To date, however, Defendant refuses to remove those barriers or to provide full and equal access to the Shopping Center.

19. As a result of Defendant's actions and failures to act and failure to provide disabled access, Plaintiff suffered a denial of her civil rights emotional discomfort, and denial of rights to full and equal access to public accommodations, all to her general, special, and statutory damages. On each such denial of access, Plaintiff has encountered barriers to full and equal access which have caused her difficulty, discomfort, and embarrassment. Plaintiff has been required to seek legal assistance, and seeks statutory attorney fees, litigation expenses, and costs, under federal and state law.

20. Plaintiff's goal in this suit is a positive one: to make the Shopping Center accessible to persons with similar mobility disabilities.

# FIRST CLAIM:

# VIOLATION OF THE ADA, TITLE III

# [42 U.S.C. §§ 12101 et seq.]

21. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them here as if separately repled.

22. Plaintiff was at all times relevant here a qualified individual with a disability as defined by the ADA, as she has impairments that substantially limit one or more major life activities.

23. Plaintiff has reasonable grounds for believing she will be subjected to discrimination each time he may attempt to access and use the subject facilities.

24. The subject property and facility are among the "private entities," which are considered "public accommodations" for purposes of Title III of the ADA. 42 U.S.C. § 12181(7).

25. The acts and omissions of Defendant set forth here were in violation of Plaintiff's rights under the ADA and the regulations promulgated under it.

26. Plaintiff alleges on information and belief that Shopping Center was designed and constructed (or both) after January 26, 1993 -- independently triggering access requirements under Title III of the ADA. Here, Defendant violated the ADA by designing or constructing (or both) the Shopping Center in a manner that did not comply with federal and state disability access standards even though it was practicable to do so.

27. The removal of each of the barriers complained of by Plaintiff were at all times here mentioned "readily achievable" under the standards §§12181 and 12182 of the ADA.

28. As noted throughout this Complaint, the removal of each of the architectural barriers complained of here was also required under California law.

29. Plaintiff alleges on information and belief that the Shopping Center was modified after January 26, 1993. Any alterations, structural repairs, or additions since January 26, 1993, have independently triggered requirements for the removal of barriers to access for disabled persons per § 12183 of the ADA.

30. Defendant has discriminated against Plaintiff in violation of Title III of the ADA by: (a) providing benefits that are unequal to that afforded to people without disabilities; (b) failing to remove architectural barriers that are structural in existing facilities where such removal is readily achievable; and (c) where Defendant can demonstrate the removal of architectural barriers is not readily achievable, failing to make the goods, services, facilities, privileges, advantages, or accommodations of the Shopping Center available through alternative methods if such methods are readily achievable. On information and belief, as of the date of Plaintiff's most recent visit to the Shopping Center and as of the filing of this Complaint, the subject premises have continued to wrongfully deny her the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of §§ 12182 and 12183 of the ADA. The ability to safely enter and exit the Shopping Center is a fundamental necessity. Without this ability, Plaintiff is unable to available herself of the goods and services offered at the Shopping Center on a full and equal basis. Therefore, the benefits of creating access does not exceed the costs of readily achievable barrier removal. These costs are fundamental to doing business, like any other essential function of operating a public accommodation. It is thus readily achievable to remove these barriers. Furthermore, these are the types of barriers identified by the Department of Justice as presumably readily achievable to remove, and, in fact, these barriers are readily achievable to remove.

31. Under the ADA, 42 U.S.C. 12188 *et seq.,* Plaintiff is entitled to the remedies and procedures set forth in § 204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as she is being subjected to discrimination based on disability in violation of the ADA or has reasonable grounds for believing that she is about to be subjected to discrimination.

32. Plaintiff seeks relief under remedies set forth in § 204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), and under Federal Regulations adopted

WHEREFORE, Plaintiff requests relief as outlined below.

## SECOND CLAIM:

## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

7

**[Cal. Civil Code §§ 51 et seq.]**

33. Plaintiff repleads and incorporates by reference, as if fully set forth again here, the allegations contained in all paragraphs of this Complaint and incorporates them here by reference as if separately repled hereafter.

34. The Shopping Center is a business establishment within the meaning of the Unruh Act.

35. Defendant is the owner and/or operator of a business establishment.

36. Defendant violated the Unruh Act by its acts and omissions:

     a. Failure to construct or alter the Shopping Center in compliance with state building code and state architectural requirements;

     b. Failure to remove known barriers to access at the Shopping Center; and

     c. Violation of the ADA, a violation of which is a violation of the Unruh Act. Cal. Civil Code § 51(f).

37. Plaintiff has experienced barriers to access at the Shopping Center, all of which have caused her major difficulty, discomfort, and embarrassment. Plaintiff suffered mental and emotional damages, including statutory and compensatory damages, according to proof.

38. On information and belief, the Shopping Center is also illegally inaccessible in multiple other respects. As noted above, the barriers to access described in this Complaint are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant(s)/expert(s).

39. These barriers to access render the Shopping Center and its premises inaccessible to and unusable by persons with mobility disabilities. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof. Plaintiff prays for leave to amend this Complaint, if necessary, to obtain full injunctive relief as to barriers that limit or deny full and equal access to persons with similar mobility disabilities.

40. Each violation of the ADA constitutes a separate violation of California Civil Code § 51(f), thus independently justifying an award of damages and injunctive relief under California law, including, but not limited to, Civil Code § 52(a).

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES
8

41. As for Defendant's violations of the Unruh Act that are not predicated on violations of the ADA, Defendant's behavior was intentional: it was aware of or were made aware of its duties to remove barriers that prevent persons with mobility disabilities like Plaintiff from obtaining full and equal access to the Shopping Center especially since they have been sued two times for barriers to access at the Shopping Center. Defendant's discriminatory practices and policies that deny full enjoyment of the Shopping Center to persons with physical disabilities reveal actual and implied malice and conscious disregard for the rights of Plaintiff and other similarly disabled individuals. Defendant have thus engaged in willful affirmative misconduct in violating the Unruh Act.

42. On information and belief, the access features of the Shopping Center have not been improved since Plaintiff's visits there. Plaintiff's injuries are ongoing so long as Defendant does not modify its policies and procedures and provide fully accessible facilities for Plaintiff and other persons with similar mobility disabilities.

43. At all times mentioned, Defendant knew, or in the exercise of reasonable diligence should have known, that her barriers at the Shopping Center violated disabled access requirements and standards and had a discriminatory impact upon Plaintiff and upon other persons with similar mobility disabilities, but Defendant failed to rectify the violations, and presently continues a course of conduct in maintaining barriers that discriminate against Plaintiff and similarly situated disabled persons.

WHEREFORE, Plaintiff requests relief as outlined below.

### THIRD CLAIM:
### VIOLATION OF THE CALIFORNIA HEALTH AND SAFETY CODE
[Cal. Health and Safety Code §§19955 *et seq.*]

44. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

45. Health & Safety Code §19955 provides in pertinent part:

> The purpose of this part is to ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code. For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers. When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

46. Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code … ." Health & Safety Code §19956 was operative July 1, 1970, and applies to all public accommodations constructed or altered after that date.

47. On information and belief, portions of the Shopping Center and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of the Shopping Center and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring the Shopping Center to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

48. Under the authority delegated by Government Code §4450, et seq, the State Architect promulgated regulations for the enforcement of these provisions. Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations, and these regulations must be complied with as to any alterations and/or modifications of the Shopping Center and/or the building(s) occurring after that date. Construction changes before this date but after July 1, 1970 triggered access requirements under the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.

49. On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards

1 and specifications described in the American Standards Association Specifications and/or those
2 contained in the California Building Code.
3 50.     The Shopping Center is a "public-accommodations or facilities" within the meaning of
4 Health & Safety Code §19955, *et seq.*
5 51.     As a result of the actions and failure to act of Defendant's, and because of the failure to
6 provide proper and legally accessible public facilities, Plaintiff was denied her right to full and
7 equal access to public facilities and suffered a loss of civil rights and rights as a person with
8 physical disabilities to full and equal access to public facilities.
9                     WHEREFORE, Plaintiff requests relief as outlined below.

                                            **FOURTH CLAIM:**

                   **VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT**

                                      **[Cal. Civil Code §§ 54 *et seq.*]**

13 52.     Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the
14 allegations contained in all paragraphs of this Complaint and incorporates them herein as if
15 separately repled.
16 53.     The Shopping Center is a place of public accommodation and/or places to which the
17 public is invited and, as such, they must comply with the provisions of the California Disabled
18 Persons Act ("CDPA"), California Civil Code § 54 *et seq.*
19 54.     The CDPA guarantees, among other things, that persons with disabilities have the same
20 right as the public to the full and free use of the streets, highways, sidewalks, walkways, public
21 buildings, public facilities, and other public places. California Civil Code § 54.
22 55.     The CDPA also guarantees, among other things, that persons with disabilities have a right
23 to full and equal access, as other members of the public, to accommodations, advantages,
24 facilities, and privileges of covered entities. California Civil Code § 54.1(a) (1).
25 56.     The CDPA also provides that a violation of the ADA is *a per se* violation of CDPA,
26 California Civil Code § 54.1(d).
27 57.     Defendant have violated the CDPA by, among other things, denying and/or interfering

with Plaintiff's right to full and equal access as other members of the public to the accommodations, advantages, and its related facilities due to his disability.

WHEREFORE, Plaintiff requests relief as outlined below.

**PRAYER FOR RELIEF:**

1. Plaintiff has no adequate remedy at law to redress the wrongs suffered as explained in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury because of the unlawful acts, omissions, policies, and practices of Defendant as alleged here, unless Plaintiff is granted the relief she requests. Plaintiff and Defendant have an actual controversy and opposing legal positions on Defendant's violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

2. Plaintiff requests a declaratory judgment that Defendant's actions, omissions, and failures—including but limited to: failing to remove known architectural barriers at the Shopping Center to make the facilities "accessible to and useable by" mobility disabled persons; and failing to construct and/or alter the Shopping Center in compliance with federal access standards, state building code, and state architectural requirements.

3. Plaintiff requests that the Court issue an order enjoining Defendant, its agents, officials, employees, and all persons and entities acting in concert with it:[2]

   a. From continuing the unlawful acts, conditions, and practices described in this Complaint;
   
   b. To provide reasonable accommodation for persons with disabilities in all its programs, services, and activities at the Shopping Center;
   
   c. To ensure that persons with disabilities are not denied the benefits of, or participation in, programs, services, and activities at the Shopping Center;
   
   d. To modify the above-described facilities to provide full and equal access to

---

[2] Plaintiff does not seek injunctive relief under Cal. Civil Code section 55.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

12

      persons with mobility disabilities, including, without limitation, the removal of all barriers to access where "readily achievable;"

    e. To maintain such accessible facilities once they are provided;

    f. To train Defendant's employees and agents in how to accommodate the rights and needs of physically disabled persons at the Shopping Center; and

    g. To implement nondiscriminatory protocols, policies, and practices for accommodating persons with mobility disabilities at the Shopping Center.

4. Plaintiff requests that the Court retain jurisdiction over Defendant until the Court is satisfied that Defendant's unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of here no longer occur, and cannot recur;

5. Plaintiff requests all appropriate damages, including, but not limited to, statutory, compensatory, and treble damages in an amount within the jurisdiction of the Court, all according to proof;

6. Plaintiff requests all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law, including, but not limited to, the ADA, 42 U.S.C. § 12205; the Unruh Act, California Civil Code § 52; and "public interest" attorney fees, litigation expenses and costs under California Code of Civil Procedure § 1021.5.

7. Plaintiff requests prejudgment interest under California Civil Code § 3291;

8. Plaintiff requests interest on monetary awards as permitted by law; and

9. Plaintiff requests any other relief that this Court may deem just and proper.

Date: January 12, 2024                                    ALLACCESS LAW GROUP

                                                              */s/ Irakli Karbelashvili*
                                                              By IRAKLI KARBELASHVILI, Esq.
                                                              Attorney for Plaintiff
                                                              DEBRA VOLLE

**JURY DEMAND**

Plaintiff demands a trial by jury for all claims for which a jury is permitted.

Date: January 12, 2024                                         ALLACCESS LAW GROUP

                                                                 */s/ Irakli Karbelashvili*
By IRAKLI KARBELASHVILI, Esq.
Attorney for Plaintiff
DEBRA VOLLE